# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2549 | **DATE** | 12/17/2003 |
| **CASE TITLE** | Patterson vs. University of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Third Motion to Dismiss for Want of Prosecution

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ■ This case is dismissed with prejudice and without costs
(10) ■ [Other docket entry]    Defendant's Third Motion to Dismiss for Want of Prosecution [23-1] is granted. See attached. Case terminated.

*/s/ Charles Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 18 2003

Briony Patterson,              )
                               )
        Plaintiff,              )
                               )
    v.                          )    Case No. 02 C 2549
                               )    Honorable Charles R. Norgle
                               )
The University of Chicago,      )
                               )
        Defendant.              )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the Court is Defendant's Third Motion to Dismiss for Want of Prosecution. For the following reasons, the motion is granted.

### I. BACKGROUND

The decision whether to grant a motion to dismiss for want of prosecution is committed to the district court's discretion. The record shows, as argued by Defendant in its Third Motion to Dismiss for Want of Prosecution, a history of dilatory conduct by the Plaintiff.

On April 9, 2002, Plaintiff filed her complaint [1-1]. The matter was dismissed on July 24, 2002 for failure to serve Defendant. See Minute Order of July 24, 2002 [2-1]. Thereafter, Plaintiff filed a motion to vacate the dismissal [3-1], which the Court granted. See Minute Order of August 8, 2002 [4-1]. From there the discovery difficulties, which have plagued this litigation, began.[1]

In December 2002, the Court entered a discovery schedule, ordering that all discovery be completed by June 30, 2003. See Minute Order of December 4, 2002 [11-1]. On April 1, 2003,

---

[1] It is worthy of note that Defendant has continued to attempt to resolve discovery disputes informally prior to seeking the Court's intervention. See Northern District Of Illinois Local Rule 37.2.

Defendant filed a Motion to Dismiss for Want of Prosecution [12-1] or, in the alternative, to Compel Plaintiff's Initial Disclosure and Discovery Responses [12-2]. After an agreement reached in open court between the parties, the Court denied the Motion to Dismiss for Want of Prosecution, and denied as moot the Motion to Compel Plaintiff's Initial Disclosure and Discovery Responses. See Minute Order of April 4, 2003 [13-1]. Between that court appearance and May 14, 2003, the apparent agreement broke down and Defendant filed a Renewed Motion to Compel Plaintiff's Initial Disclosure and Discovery Responses [14-1]. The Court took that motion under advisement and continued the matter until June 19, 2003, allowing the parties to submit an Agreed Order to adjust the discovery schedule. See Minute Order of May 16, 2003 [16-1]. At the June 19, 2003 hearing, the Court entered a revised discovery schedule, ordering Plaintiff to comply with all outstanding discovery requests by July 2, 2003, Plaintiff's deposition to be taken before July 31, 2002, and expert depositions to be taken before August 6, 2003. See Minute Order of June 19, 2003 [18-1].

Once again, however, Plaintiff failed to meet that obligation and Defendant filed a Renewed Motion to Dismiss for Want of Prosecution [20-1] or, in the alternative, (Second Renewed) Motion to Compel Plaintiff's Initial Disclosure, Discovery Responses and Plaintiff's Deposition [20-2]. After another agreement reached in open court between the parties, the Court denied the Renewed Motion to Dismiss for Want of Prosecution, and denied as moot the (Second Renewed) Motion to Compel Plaintiff's Initial Disclosure, Discovery Responses and Plaintiff's Deposition. See Minute Order of August 29, 2003 [21-1]. In what now had become a pattern, Plaintiff failed to meet that obligation, and the Court extended the time for Plaintiff to comply with all discovery requests to October 14, 2003 and ordered that Plaintiff's deposition to be taken before October 16, 2003. See Minute Order of September 30, 2003 [22-1]. Yet again, Plaintiff failed to meet that obligation.

2

On October 23, 2003, Defendant filed the present motion, its Third Motion to Dismiss for Want of Prosecution [23-1] brought pursuant to Federal Rule of Civil Procedure 41(b) and Northern District of Illinois Local Rule 41.1.[2] In that motion, Defendant chronicles the Plaintiff's failure to comply with repeated court orders pertaining to the discovery schedule (as outlined above) and the Defendant's informal communications with Plaintiff in efforts to move this case along. Of particular relevance to the present motion are Defendant's attachments chronicling the nine re-notices of Plaintiff's deposition, all of which were caused to be re-noticed by the Plaintiff's repeated failure to provide written discovery to the Defendant. See Def.'s Mot. to Dismiss, Ex. C, D, E, F, G, H, I, J, K, L, M, N, and O.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." A district court is permitted to dismiss a suit where a plaintiff is failing to prosecute it. See, e.g., Williams v. Chicago Board of Educ., 155 F.3d 853, 857 (7th Cir. 1998) (per curiam). However, dismissal for failure to prosecute is "an extremely harsh sanction" that should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (per curiam). Further, in most cases, the district court should warn the plaintiff that such a sanction may be imposed. See Williams, 155 F.3d at 857 and n. 4; see also Ball v. City of Chicago, 2 F.3d 752, 759-60 (7th Cir. 1993) (indicating that "[t]here should be an explicit

---

[2]One week later, the Defendant also filed its Third Motion to Compel Plaintiff's Compliance with Written and Oral Discovery [27-1].

3

warning in every case").

In considering such a dismissal, a district court should consider numerous factors, including: the frequency and magnitude of the plaintiff's conduct, the prejudice to the defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. See Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000); Ball, 2 F.3d at 759-60.

Given this history of dilatory conduct by the Plaintiff, as evidenced in the record and Defendant's motion, this case presents one of those "extreme situations, when there is a clear record of delay." Kruger, 214 F.3d at 787. Over one and one-half years from the inception of this litigation, and after repeated informal and formal attempts, Plaintiff has yet to fulfill her obligation to fully respond to Defendant's discovery requests, complete her Initial Disclosures and complete her deposition. The Defendant has done its part to move this litigation along, both informally and formally (as evidenced by the half-dozen motions to compel or dismiss for want of prosecution).

In opposition to the present motion, Plaintiff offers three arguments. First, Plaintiff argues that she has not been given proper warning. Second, Plaintiff argues that lesser severe sanctions should be considered. Third, Plaintiff argues that her claim is meritorious and that she has "smoking gun" evidence of Defendant's liability.

First, Plaintiff has received proper warning. In Ball, the Seventh Circuit indicated that district courts should provide "due warning" to plaintiffs before dismissing a case for want of prosecution. See Ball, 2 F.3d at 755. In elucidating the terms "due warning," the Seventh Circuit stated: "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause. . . . But there should be an explicit warning in every case." Id. (internal citations omitted). The word "dismissal" need not be recited by the district court's "due warning." See Williams, 155

4

F.3d at 858. Further, the district court need not directly inform the litigant. See Ball, 2 F.3d at 756. In this case, Plaintiff has received "due warning" in many forms. Defendant's three motions to dismiss for want of prosecution all specifically requested dismissal, citing Federal Rule of Civil Procedure 41(b) and applicable case law on the subject. Additionally, at numerous status hearings, the Court repeatedly admonished Plaintiff and her attorney of the consequences of further dilatory conduct. Specifically, on September 30, 2003, the Court admonished Plaintiff for her dilatory conduct and stated that if such conduct continued it would seriously consider dismissing the case for want of prosecution. Thus, in this case, Plaintiff has received explicit warnings.

Second, less severe sanctions are not warranted in light of Plaintiff's utter disregard for the discovery deadlines set by the Court, as well as Defendant's repeated informal and formal attempts to obtain discovery. Lesser sanctions in this case would not be "'just', that is, proportionate to the circumstances surrounding [Plaintiff's] failure to comply with discovery rules." Compare Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996). In light of the Court's denials of Defendant's other motions to dismiss for want of prosecution, which would have allowed Plaintiff to amend her dilatory behavior and proceed to the merits of the case, Plaintiff has not taken advantage of these opportunities. Further, this is not a case where it is the plaintiff's lawyer who is solely responsible for the delay and disobedience of court orders. Plaintiff's motion, prepared by Plaintiff's counsel, indicates that even he has had difficulty contacting Plaintiff. It is the burden of Plaintiff to move this case along to a just and fair conclusion, and where she fails to do that by not responding to Defendant's requests for discovery or to her own attorney's attempts to contact her, dismissal for want of prosecution is warranted. Thus, this case is not one in which the Court should consider punishing the lawyer as opposed to the litigant. See Ball, 2 F.3d at 757-58 (discussing the

propriety of dismissing a suit because of delays and omissions committed solely by the plaintiff's lawyer).

Lastly, Plaintiff's argument that she has "smoking gun" evidence of Defendant's liability is but one element in the calculus of whether to grant the motion to dismiss for want of prosecution. See Bolt, 227 F.3d at 856 (indicating in weighing the factors for and against dismissal for want of prosecution, "the touchstone is proportionality"). Accepting Plaintiff's argument, this element is outweighed by Plaintiff's repeated disregard for her discovery obligations, the prejudice to the Defendant in terms of litigation costs, and the disruption to this Court's calendar caused by excessive judicial intervention in discovery. "The court must set prescribed times, dates, and deadlines, and the attorneys [and litigants] must respect and comply with these deadlines, which need to be enforced if the court is going to properly manage its calendar." Rice v. City of Chicago, 333 F.3d 780, 785 (7th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, Defendant's Third Motion to Dismiss for Want of Prosecution is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 12/17/03

6